IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| HEELA LODEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  **CV122-066** |
| | ) | |
| B&B COMMERCIAL, LLC, and | ) | |
| MONTE CHRISTOPHER GRAY, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

The plaintiff, Heela Lodeen, through her undersigned counsel, files this Complaint against

Defendants B&B Commercial, LLC, and Monte Christopher Gray, showing the Court as follows:

## **INTRODUCTION**

1.      This action arises from the harm Defendants have caused Plaintiff through their

construction of townhomes located in the Connor Place neighborhood in Columbia County,

Georgia.

## **PARTIES, JURISDICTION, AND VENUE**

2.      Plaintiff is a citizen of the State of Georgia and resides in Columbia County, Georgia.

3.      Defendant B&B Commercial, LLC is a South Carolina limited liability company engaged

in commercial and residential construction with its registered agent and principal place of business

located in Aiken County, South Carolina.

4.      Defendant Monte Christopher Gray is the principal and sole member of Defendant B&B

Commercial, LLC.  Defendant Gray is a citizen of the State of South Carolina and resides in Aiken

County, South Carolina.

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity

between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is appropriate pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this action occurred in the Augusta Division of Southern District of Georgia, and a substantial part of property that is the subject of this action is situated in the Augusta Division of Southern District of Georgia.

## GENERAL ALLEGATIONS

7.      Plaintiff incorporates by reference the allegations in Paragraphs 1-6.

8.      In June 2019, Plaintiff purchased the lots located at 313, 315, 317, and 319 Connor Circle, Evans, Georgia for the purpose of building townhomes thereon with the intention that she would then sell the completed townhomes at 315, 317, and 319 Connor Circle but keep the townhome at 313 Connor Circle for herself.

9.      In November 2019, Plaintiff and Defendant Gray signed a contract for Defendant B&B Commercial, LLC to construct the four townhomes on Plaintiff's Connor Circle lots.

10.     The contract between Defendants and Plaintiff states that the total compensation to Defendants was $465,000 plus 40% of the net profit for each townhome, except Plaintiff had the option to pay Defendants $116,250 in order to keep one townhome for herself and Defendants would not receive the 40% net profit on that townhome.

11.     Defendants obtained a construction loan from First State Bank that Defendants secured with all four of Plaintiff's Connor Circle lots as collateral.

12.     The contract between Defendants and Plaintiff states that a deposit of $25,000 was required prior to starting construction.

13.     Plaintiff gave Defendants a $25,000 check in November 2019.

14.    The contract states that construction start date is the later of 21 days after Defendants receive the $25,000 deposit or the date that the lots are ready for installation of footers.

15.    The contract states that the construction work would be substantially complete within 210 days of the construction start date.

16.    The contract states that the date of substantial completion shall not precede the date of the final occupancy permit.

17.    In July 2020, Plaintiff contracted to sell 319 Connor Circle for $204,900 with a closing date in September 2020.

18.    In January 2021, the buyer for 319 Connor Circle terminated the sales contract because Defendants had still not completed construction of the townhome.

19.    In May 2021, Plaintiff closed on the sales of 315 and 317 Connor Circle and Defendants had First State Bank remove its mortgages from those two properties, though Defendants kept using 313 and 319 Connor Circle as collateral for Defendants' construction loan.

20.    In June 2021, a Certificate of Occupancy was issued for the townhome located at 319 Connor Circle.

21.    On November 24, 2021, Defendant Gray told Plaintiff that all building costs for 313 and 319 Connor Circle had been paid but asked Plaintiff to write a $95,000 check to Maner Building Supply on Defendants' behalf in exchange for Defendants paying off the construction loan by November 30, 2021, so that First State Bank would lift the mortgage from 313 and 319 Connor Circle.

22.    Plaintiff gave Defendants the $95,000 check for Maner Building Supply on November 24, 2021.

23.    On December 6, 2021, Defendant Gray told Plaintiff that he had paid off the construction

loan on 313 and 319 Connor Circle.

24.     Contrary to Defendant Gray's representations, Defendants have not paid off the construction loans on 313 and 319 Connor Circle and those properties are still encumbered by Defendants' construction loan with First State Bank.

25.     The continuing encumbrances on 313 and 319 Connor Circle from Defendants' construction loan impair those properties and restrict Plaintiff's freedom to use or dispose of her properties as she sees fit.

26.     Defendants' refusal to have First State Bank release the mortgage on Plaintiff's property places Plaintiff in fear that Defendants will default on their loan with First State Bank and put her properties at risk of foreclosure.

27.     In addition to Defendants' encumbrance on Plaintiff's title for 313 and 319 Connor Circle, Defendants did not construct those townhomes in a good and workmanlike manner, creating numerous defects that have caused Plaintiff to suffer diminishment of the value of 313 and 319 Connor Circle, loss of use, loss of quiet enjoyment, and other damages to be proved at trial.

28.     Including the proceeds from the sales of 315 and 317 Connor Circle, Plaintiff has already caused Defendants to be paid over $530,000.

29.     Defendants have claimed without merit that Plaintiff owes Defendants additional amounts for the construction costs of the townhomes that are not encompassed in the $465,000 contract price.

## CAUSES OF ACTION

### COUNT ONE
(Fraud)

30.     Plaintiff incorporates by reference the allegations in Paragraphs 7-29.

31.     Defendants made representations to Plaintiff, as recounted above, that, at the time those

representations were made, Defendants knew were false.

32.     Defendants made the representations with the intention and purpose of deceiving Plaintiff,

including representations regarding impairment of her property.

33.     Plaintiff relied upon such representations when Plaintiff made out a check for $95,000 to

Maner Building Supply on Defendants' behalf.

34.     Plaintiff was damaged as proximate result of Defendants representations.

COUNT TWO
(Breach of Contract)

35.     Plaintiff incorporates by reference the allegations in Paragraphs 7-29.

36.     As part of the contract between Defendants and Plaintiff, Defendants have a duty to not

charge Plaintiff for unreasonable construction costs that are not encompassed in the $465,000

contract price.

37.     Defendants breached the contract with Plaintiff by claiming unreasonable construction

costs that are not encompassed in the $465,000 contract price.

38.     As part of the contract between Defendants and Plaintiff, Defendants have a duty to provide

a proper accounting for any construction costs that are not encompassed in the $465,000 contract

price.

39.     Defendants breached the contract with Plaintiff by claiming construction costs that are not

encompassed in the $465,000 contract price without providing a proper accounting for those costs.

40.     As part of the contract between Defendants and Plaintiff, Defendants were to construct

townhomes free of defects.

41.     Defendants breached the contract with Plaintiff by delivering the townhomes with defects.

42.     Defendants breached the contract with Plaintiff by their untimely completion of the

townhomes.

43.     As a direct result of Defendants' breaches, Plaintiff incurred significant damages.

## COUNT THREE
### (Negligence)

44.     Plaintiff incorporates by reference the allegations in Paragraphs 7-29.

45.     Defendants, their agents, servants, employees, and subcontractors, undertook and had a duty to Plaintiff to exercise and use due care in the construction of the townhomes in a good and workmanlike manner and with suitable materials, in accordance with the applicable building codes, state law, good design, and in conformance with the prevailing industry standards.

46.     Defendants breached their duties to Plaintiff in a manner that was negligent, careless, reckless, grossly negligent, willful, and wanton in the following particulars:

   a. In failing to construct the Townhomes in accordance with the applicable building code, the plan and specifications, and good workmanship;

   b. In failing to properly supervise the work and construction of the townhomes;

   c. In failing to act as a reasonably prudent person would under the circumstances then and there existing;

   d. In covering up their own defective work and the defective work of others;

   e. In failing to make the proper repairs; and

   f. Such other failures to be proven at trial.

47.     Plaintiff has been damaged as a direct and proximate result of the negligence, carelessness, recklessness, gross negligence, willfulness, and wantonness of the Defendants.

## COUNT FOUR
### (Breach of Warranties)

42.     Plaintiff incorporates by reference the allegations in Paragraphs 7-29.

43.     The construction of the townhomes came with express and implied warranties that the work

would be performed in a careful, diligent, and workmanlike manner and that the townhomes would

be constructed with suitable materials and components and free from all defects and be of a quality

befitting a fine residence.

44.     The construction of the townhomes, and the components used therein, came with express

and implied warranties of fitness, merchantability, and workmanship.

45.     Defendants breached their express and implied warranties by constructing the townhomes

in a defective manner as set forth above.

46.     As a direct and proximate result of Defendants' breach of the express and implied

warranties, Plaintiff has suffered actual and consequential damages.

COUNT FIVE
(Negligent Misrepresentation)

47.     Plaintiff incorporates by reference the allegations in Paragraphs 7-29.

48.     Defendants, their agents, employees, and principals, made false representations, written

and oral, to Plaintiff concerning the townhomes.

49.     Defendants had a pecuniary interest in making the statements.

50.     As contractors, Defendants owed Plaintiff a duty of care to see that they communicated

truthful information to Plaintiff.

51.     Defendants breached that duty by failing to exercise due care and failing to notify Plaintiff

of the true status of the mortgage on the properties.

52.     Plaintiff justifiably relied on Defendants' representations.

53.     Plaintiff suffered pecuniary loss as a result as a direct and proximate result of her reliance

on Defendants' representations.

7

COUNT SIX
(Attorney's Fees and Costs)

1.      Plaintiff incorporates by reference the allegations in Paragraphs 7-29.

2.      Defendants were stubbornly litigious and acted in bad faith prior to the filing of this lawsuit

as no bona fide controversy or dispute existed. Therefore, Plaintiff is entitled to recover costs and

attorney's fees under O.C.G.A. § 13-6-11.


        WHEREFORE, Plaintiff prays as follows:

a)      That summons and process issue and be served upon Defendants according to law;

b)      That Plaintiff be awarded compensatory and punitive damages in an amount reasonable

and commensurate with the losses imposed upon him by Defendants' unlawful and fraudulent acts;

c)      That Defendants be ordered to obtain the release of the mortgage on Plaintiff's property;

d)      That judgment be granted in Plaintiff's favor against Defendants;

e)      That a jury trial be had on all issues so triable, and

f)      Such other and further relief as the Court deems just and proper.

                                    */s/ David Stewart*_____
                                    DAVID M. STEWART
                                    Georgia Bar # 142029
                                    david@crowderstewart.com
                                    KENNETH D. CROWDER
                                    Georgia Bar # 123985
                                    ken@crowderstewart.com

                                    CROWDER STEWART LLP
                                    Post Office Box 160
                                    Augusta, Georgia 30903
                                    706-434-8799